UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PEDRO SANTOS,

              Petitioner,

      -against-

R. SHANLEY,

              Respondent.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
19-CV-3117 (JMA)

**APPEARANCES:**

Pedro Santos
DIN No. 12A3149
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051-0999
    *Pro Se Petitioner*

Cristin N. Connell, Assistant District Attorney
Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501
    *Attorney for Respondent*

**AZRACK, United States District Judge:**

    <u>Pro se</u> petitioner Pedro Santos ("Petitioner") seeks habeas corpus relief from his state court conviction pursuant to 28 U.S.C. § 2254.  Because his claim is procedurally barred—and even if it were reviewable, it is meritless—his petition is **DENIED**, as set forth in more detail below.

### I.    BACKGROUND

    On November 14, 2010, Petitioner and his co-defendant, Yan Cifuentes, stabbed Junior Maldonado to death with a machete and knife, believing he was a member of a rival street gang. Cifuentes pled guilty to murder in the second degree and was sentenced to an indeterminate prison term of ten years.  Petitioner pled not guilty.

1

At trial, a jury convicted Petitioner of one count of murder in the second degree and one count of criminal possession of a weapon in the fourth degree, as to the machete. He was found not guilty of one count of criminal possession of a weapon in the fourth degree, as to the knife. (ECF No. 14-1 at 1014; Tr. at 848.) On February 28, 2012, Petitioner was sentenced to an indeterminate prison term of twenty years to life for murder in the second degree and a concurrent term of one year for criminal possession of a weapon in the fourth degree. (Id. at 1026; Tr. at 7.)

Thereafter, Petitioner filed an appeal in the New York Supreme Court, Appellate Division, Second Department, in which he challenged the sufficiency of the evidence at trial, argued that his sentence was excessive, and contested the trial court's denial of his motion to suppress. (ECF No. 14-2.) His suppression motion had sought to exclude from trial Petitioner's videotaped statement in which he admitted his presence at the scene and provided police with additional details regarding the murder. Petitioner argued that he made these statements because he failed to understand his Miranda warnings due to his limited English proficiency. (Id.) Ultimately, the Second Department reversed Petitioner's judgment of conviction, suppressed his videotaped statement, and remanded the case for a new trial. People v. Santos, 112 A.D.3d 757 (2d Dept. 2013). The Second Department rejected Petitioner's remaining claims as meritless and academic. Id. at 759.

At his retrial, Petitioner was again convicted of one count of murder in the second degree. (ECF No. 14-10 at 129-31; Tr. 1018-1020.) However, unlike at the first trial, Petitioner was convicted of one count of criminal possession of a weapon in the fourth degree as to the knife, but he was acquitted of criminal possession of a weapon in the fourth degree as to the machete. (Id.) Petitioner received the same sentence as in the first trial. (ECF No. 14-11.)

Thereafter, Petitioner again appealed his conviction to the Second Department. (ECF No. 14-12.) This time, he argued that the evidence was insufficient to support a murder conviction and

2

the jury's verdict was against the weight of the evidence. (Id.) Further, he claimed that his sentence was excessive and was an abuse of discretion. (Id.) On appeal, the State opposed Petitioner's arguments, but also asked the Second Department to dismiss Petitioner's conviction for criminal possession of a weapon in the fourth degree for the knife based on double jeopardy grounds. (ECF No. 14-13.) Ultimately, the Second Department vacated this conviction and sentence at the State's request, but otherwise affirmed the trial court's judgment with respect to the second-degree murder conviction. See People v. Santos, 161 A.D.3d 1015 (2d Dept. 2018). Petitioner then moved for leave to appeal to the Court of Appeals, arguing that the evidence introduced at trial was insufficient to support his conviction. (ECF No. 14-18.) His application for leave to appeal to the Court of Appeals was ultimately denied on July 25, 2018. People v. Santos, 31 N.Y.3d 1152 (2018).

On April 1, 2019, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2.) The entirety of Petitioner's argument is as follows: "The right to Confrontation denied and the conviction was based of prejudicial hearsay that could not be effectively cross-Exam." (Id. at 5.) As supporting facts, Petitioner states: "The prosecution used the testimony of an informer that was paid $2000, that was a family member of the arresting police officer. He was the brother in law of the police officer." (Id.) The State opposes his petition, arguing that Petitioner's claim is procedurally barred and, even if it were reviewable, it is meritless. (ECF No. 14.) Petitioner did not file a reply brief, although afforded the opportunity to do so.

The "informer" to whom Petitioner is referring is witness Richard Santiago, who testified at trial that on the night of the murder, he heard screams from outside his home and went onto the porch to investigate. From there, he saw Petitioner and Cifuentes attack Maldonado and subsequently yell "I killed him, I killed him" as they fled the scene on a bicycle. (ECF No. 14-9

3

at 74-102; Tr. 688-716.) At trial, Santiago testified that he was subsequently arrested for burglary and pled guilty pursuant to a plea agreement. After agreeing to cooperate with police in their investigation of the murder of Cifuentes, Santiago received a $2000 reward from the Nassau County Crime Stoppers program as well as an employment recommendation from a detective involved in the investigation. (Id. at 86-108; Tr. at 700-22.) Santiago also testified that his godmother was the mother of a police officer who investigated the Cifuentes murder. (Id. at 88; Tr. at 702.) These issues involving Santiago are the basis of Petitioner's habeas petition.

## II. DISCUSSION

### A. Standards of Review

#### 1. Overview of AEDPA

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), to restrict "the power of federal courts to grant writs of habeas corpus to state prisoners." Williams v. Taylor, 529 U.S. 362, 399 (2000) (O'Connor, J., concurring). Under AEDPA, a prisoner may file a habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To make that showing, the petitioner must demonstrate: (1) the exhaustion of state remedies, (2) the absence of a procedural bar, and (3) the satisfaction of AEDPA's deferential review of state court decisions. See id. § 2254.

#### 2. Exhaustion

A court cannot review a habeas petition unless the petitioner "has exhausted the remedies available" in state courts. 28 U.S.C. § 2254(b)(1)(A). This requirement first allows state courts the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270,

4

275 (1971)). Thus, a petitioner must show that he fairly presented his federal claim to the highest state court from which a decision can be rendered. Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc). Although the petitioner need not "'cite chapter and verse of the Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'" Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014) (quoting Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011)).

### 3. Procedural Default

A federal court cannot review a habeas petition "when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). For this reason, under the doctrine of procedural default, a federal court will not review "the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, 566 U.S. 1, 9 (2012). This procedural bar applies even if the state court addressed a claim's merits in the alternative but decided that claim on independent procedural grounds. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (per curiam); see also Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (observing that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding" where the court explicitly invokes a procedural rule as an independent ground for its decision) (emphasis in original). When a state court has dismissed a claim based on a state procedural rule, the petitioner is procedurally barred from raising that claim in a § 2254 petition unless the petitioner can meet certain exceptions discussed below.

To overcome a procedural bar a petitioner must show either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider

the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To demonstrate cause, a petitioner must put forth that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule": for example, that the factual or legal basis for a claim was not reasonably available to counsel or that "some interference by officials . . . made compliance impracticable." Murray v. Carrier, 477 U.S. 478, 488 (1986) (internal quotation marks and citations omitted). A petitioner may also satisfy the cause requirement by demonstrating that his attorney's failure to comply with state procedural rules denied him constitutionally adequate representation. See Tavarez v. Larkin, 814 F.3d 644, 650 (2d Cir. 2016); Restrepo v. Kelly, 178 F.3d 634, 640 (2d Cir. 1999).

As for the prejudice requirement, the petitioner must demonstrate that counsel's errors (or any other basis invoked by the petition to establish cause) not only "created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . ." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

Even if a petitioner cannot establish cause and prejudice, a federal court may excuse a petitioner's procedural default if he can show that a fundamental miscarriage of justice would result. For example, a petitioner can overcome a procedural bar by showing "that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Schlup v. Delo, 513 U.S. 298, 321 (1995)). To prevail, the petitioner must put forth "new reliable evidence . . . that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

Finally, it must be noted that "[t]he concepts of procedural bar and exhaustion often interact in an important way." Dominguez v. Rock, No. 12-CV-3269, 2016 WL 542120, at *5 (E.D.N.Y.

6

Feb. 9, 2016). "If a § 2254 petitioner has failed to present a claim to a state court but can no longer do so – for example, if the time to file a state-court appeal has passed – then that claim is considered procedurally barred rather than unexhausted." Id. (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)); Lloyd v. Walker, 771 F. Supp. 570, 574 (E.D.N.Y. 1991) (noting that "[w]hen a petitioner has not properly presented his claim to a state for consideration on the merits, but it is clear that the state court would hold the claim procedurally barred, . . . the exhaustion requirement is satisfied," but, nonetheless, the petitioner is barred from litigating the merits of that claim in federal habeas proceedings) (internal quotation marks and citation omitted).

### 4. AEDPA Standard of Review

If a state court reached the merits of a claim, a federal court may not grant a writ of habeas corpus unless the state court's adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.SC. § 2254(d). The Supreme Court has construed AEDPA "to give independent meaning to 'contrary [to]' and 'unreasonable.'" Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000).

A state court's decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13 (O'Connor, J., concurring). A decision involves an "unreasonable application" of clearly established federal law when a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. This standard

7

does not require that all reasonable jurists agree that the state court was wrong. Id. at 409–10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" Jones, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

AEDPA "'imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt.'" Jones v. Murphy, 694 F.3d 225, 234 (2d Cir. 2012) (quoting Hardy v. Cross, 132 S. Ct. 490, 491 (2011) (per curiam)). This standard is "'difficult to meet,'" and for good reason. White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 133 S. Ct. 1781, 1786 (2013)), reh'g denied, 134 S. Ct. 2835 (2014). A petitioner must show that the "state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 1702.

Furthermore, a state court's determinations of factual issues are "presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Lynn v. Bliden, 443 F.3d 238, 246 (2d Cir. 2006). A state court's findings of fact will be upheld "'unless objectively unreasonable in light of the evidence presented in the state court proceeding.'" Lynn, 443 F.3d at 246–47 (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)). Thus, a federal court may overrule a state court's judgment only if "after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389.

### 5. Pro Se Status

A petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997).

8

However, in light of Petitioner's pro se status, the Court construes his submissions liberally and interprets them "'to raise the strongest arguments that they suggest.'" Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). This liberal interpretation of the petition "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

### B.  Claims for Relief

As stated above, Petitioner raises only one ground for habeas relief based on the Confrontation Clause of the Sixth Amendment. For the following reasons, his petition is **DENIED** in its entirety.

#### 1. Petitioner's claim is deemed exhausted but procedurally barred.

Before filing the instant petition, Petitioner never argued in state court that his rights under the Confrontation Clause were violated through the testimony of Santiago. In his direct appeal briefing to the Second Department, Petitioner raised several challenges to the sufficiency of Santiago's testimony to support his conviction, including the reasons that he now raises in the instant petition—i.e. that Santiago received a monetary reward and employment recommendation for his cooperation and that Santiago was related to an investigating officer. In his subsequent letter to the Court of Appeals seeking leave to appeal, Petitioner again raised these issues with Santiago's testimony. However, at no point did Petitioner raise these arguments specifically in connection with the Confrontation Clause.

The Court cannot grant Petitioner's habeas petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is either an absence of available State corrective process; or the existence of circumstances rendering such process

9

ineffective to protect the rights of the prisoner." 28 U.S.C.§ 2254(b)(1). As here, "when 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted." Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001) (quoting Coleman 501 U.S. at 735 n.1). When a "petitioner has no available state forum in which to pursue a remedy because of a state procedural bar, his claim may be deemed exhausted, yet procedurally barred." Ricco v. Burge, No. 6-CV-4902, 2009 WL 4341521, at *15 (S.D.N.Y. Dec. 2, 2009). Therefore, "[a]ny procedurally defaulted claim would then be dismissed on the merits unless petitioner can demonstrate cause and prejudice for the default or that failure to consider it would result in a miscarriage of justice." McPherson v. Keyser, No. 15-CV-1250, 2019 WL 6050279, at *10 (E.D.N.Y. Nov. 15, 2019).

Petitioner failed to raise his Confrontation Clause claim on direct appeal, and therefore is precluded from "further consideration in the New York courts because [he] has already made the one request for leave to appeal to which he is entitled." Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). Additionally, collateral review is unavailable because Petitioner could have raised his Confrontation Clause claim on direct appeal. See N.Y. Crim. Proc. Law § 440.10 (2)(c) (stating that a court must deny a motion to vacate where "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him"); Aparicio, 269 F.3d at 91 ("New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise

the issue on direct appeal"). Finally, Petitioner's "pro se papers do not even . . . purport to show the required cause and prejudice that could in theory lift the procedural bar." Barnhill v. Superintendent, No. 16-CV-3085, 2020 WL 5981642, at *5 (E.D.N.Y. Oct. 8, 2020). Consequently, the Court is procedurally barred from reviewing Petitioner's claim.

### 2. Alternatively, Petitioner's claim fails on the merits.

Even if the Court could review Petitioner's Confrontation Clause claim, the Court would find it meritless. A defendant in a state criminal prosecution has a right, guaranteed by the Sixth and Fourteenth Amendments to the Constitution, "to be confronted with the witnesses against him." U.S. Const. Amend. VI; see Pointer v. Texas, 380 U.S. 400, 401 (1965) (holding that the Sixth Amendment Confrontation Clause is made applicable to the states by the Fourteenth Amendment). "The crux of this right is that the government cannot introduce at trial statements containing accusations against the defendant unless the accuser takes the stand against the defendant and is available for cross examination." United States v. Jass, 569 F.3d 47, 55 (2d Cir. 2009) (quoting Ryan v. Miller, 303 F.3d 231, 247 (2d Cir.2002)). Here, Santiago testified at trial and was subjected to rigorous cross-examination on the very issues that Petitioner now raises in his habeas petition. Accordingly, the Court has no basis to find that Petitioner did not have an opportunity to confront Santiago at trial in contravention of the Confrontation Clause.

### III.   CONCLUSION

Petitioner's petition is hereby **DENIED** for the reasons set forth above. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of

11

any appeal.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).  The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: July 22, 2021
       Central Islip, New York

                                                                            /s/ (JMA)
                                                                          JOAN M. AZRACK
                                                                          UNITED STATES DISTRICT JUDGE